Craig B. Sanders, California Bar No. 284397
csanders@barshaysanders.com
**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: 119621

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISON

| | |
|---|---|
| Joel Werzberger, individually and on on behalf of all others simillary situated | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | |
| Financial Recovery Services, Inc., | JURY TRIAL DEMANDED |
| Defendant. | |

Case No.  - 1 -
COMPLAINT

Joel Werzberger (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Financial Recovery Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of California.

## PARTIES

5. Plaintiff Joel Werzberger is an individual who is a citizen of the State of New York residing in Orange County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Financial Recovery Services, Inc., is a Minnesota Corporation with a principal place of business in Hennepin County, Minnesota.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated June 15, 2020. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21. The Letter conveyed information regarding the alleged Debt.

22. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The Letter was received and read by Plaintiff.

24. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

25. 15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

26. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. The Letter contains multiple settlement offers.

28. While a settlement offer in and of itself is not improper, such offer runs afoul of the FDCPA if it impresses upon the least sophisticated consumer that if he or she does not accept the settlement, he or she will have no further opportunity to settle the debt for less than the full amount.

29. Upon being presented with such offer, the least sophisticated consumer could be materially misled into remitting payment or entering into a repayment plan she may not be able to afford, for fear of being subjected to additional collection efforts for the full amount of the debt when, in fact, settlement offers are frequently renewed if the consumer fails to accept the initial offer.

30. These concerns can be adequately addressed by the debt collector including with the offer the following language: "We are not obligated to renew this offer."

31. The phrase "we are not obligated to renew this offer" adequately conveys to the least sophisticated consumer that there is a renewal possibility, but also that it is not assured.

32. The Letter does not state "we are not obligated to renew this offer," nor does it include any kind of substantially similar language.

Case No.                            - 4 -
                                 COMPLAINT

33. The least sophisticated consumer would likely be misled by the settlement offer.

34. The least sophisticated consumer would likely be misled in a material way by the settlement offer.

35. Defendant has violated 15 U.S.C. § 1692e by way of using a false, deceptive, or misleading representation or means in its attempt to collect Plaintiff's alleged Debt.

36. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to.

## **CLASS ALLEGATIONS**

37. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of California.

38. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

39. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

40. The Class consists of more than thirty-five persons.

41. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for

the fair and efficient adjudication of this controversy.

42. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

43. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

44. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. §

       1692k; and

e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Granting Plaintiff's costs; all together with

g. Such other relief that the Court determines is just and proper.

DATED: August 28, 2020

                              **BARSHAY SANDERS, PLLC**

                              By:   /s/ *Craig B. Sanders*
                              Craig B. Sanders, Esquire
                              100 Garden City Plaza, Suite 500
                              Garden City, New York 11530
                              Tel: (516) 203-7600
                              Fax: (516) 706-5055
                              csanders@barshaysanders.com
                              *Attorneys for Plaintiff*
                              Our File No.: 119621

Case No.    - 7 -
COMPLAINT