Christopher D. Holt, Bar No. 228399
KLINEDINST PC
2 Park Plaza, Suite 1250
Irvine, California 92614
(714) 542-1800/FAX (714) 542-3592

Attorneys for Defendant,
FINANCIAL RECOVERY SERVICES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| Joel Werzberger, individually and on behalf of all others simillarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Financial Recovery Services, Inc.,<br><br>Defendant. | Case No. 4:20-cv-06320-JSW<br><br>**ANSWER TO COMPLAINT BY FINANCIAL RECOVERY SERVICES, INC.** |

Defendant Financial Recovery Services, Inc. ("Financial"), as an for its Answer and affirmative defenses to the Complaint of Plaintiff Joel Werzberger ("Plaintiff") in the above-entitled matter, states and alleges as follows:

1. In response to paragraph 1 of the Complaint, Financial admits that Plaintiff brings this action as alleged, but Financial denies that it violated any law.

2. In response to paragraph 2 of the Complaint, Financial admits that that referenced statutes provide for jurisdiction, but denies that it violated any law. Financial further states that jurisdiction is not proper as it is a Minnesota corporation and Plaintiff resides in New York.

3. Financial is without sufficient information or knowledge to admit or deny the allegations in paragraph 3 of the Complaint, and therefore denies.

4. Financial denies the allegations set forth in paragraph 4 of the Complaint.

5. Financial is without sufficient information or knowledge to admit or deny the allegations in paragraph 5 of the Complaint, and therefore denies.

6. Financial admits the allegations set forth in paragraph 6 of the Complaint, upon information and belief.

7. Financial is without sufficient information or knowledge to admit or deny the allegations in paragraph 7 of the Complaint, and therefore denies.

8. Financial admits the allegations set forth in paragraph 8 of the Complaint.

9. Financial admits the allegations set forth in paragraph 9 of the Complaint.

10. Financial admits the allegations set forth in paragraph 10 of the Complaint.

11. Financial admits the allegations set forth in paragraph 11 of the Complaint.

12. Financial admits the allegations set forth in paragraph 12 of the Complaint.

13. Financial is without sufficient information or knowledge to admit or deny the allegations in paragraph 13 of the Complaint, and therefore denies.

14. Financial admits the allegations set forth in paragraph 14 of the Complaint.

15. Financial is without sufficient information or knowledge to admit or deny the allegations in paragraph 15 of the Complaint, and therefore denies.

16. Financial is without sufficient information or knowledge to admit or deny the allegations in paragraph 16 of the Complaint, and therefore denies.

17. Financial is without sufficient information or knowledge to admit or deny the allegations in paragraph 17 of the Complaint, and therefore denies.

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

18.     In response to paragraph 18 of the Complaint, Financial admits that the debt was placed with it, but denies that it was done at "an exact time known only" by it.

19.     Financial admits the allegations in paragraph 19 of the Complaint.

20.     Financial admits the allegations in paragraph 20 of the Complaint.

21.     Financial is without sufficient information or knowledge to admit or deny the allegations in paragraph 21 of the Complaint, and therefore denies.

22.     Financial is without sufficient information or knowledge to admit or deny the allegations in paragraph 22 of the Complaint, and therefore denies.

23.     Financial is without sufficient information or knowledge to admit or deny the allegations in paragraph 23 of the Complaint, and therefore denies.

24.     In response to paragraph 24 of the Complaint, Financial admits that Plaintiff purports to summarize or paraphrase the referenced statute but denies that it violated any law.

25.     In response to paragraph 25 of the Complaint, Financial admits that Plaintiff purports to summarize or paraphrase the referenced statute but denies that it violated any law.

26.     In response to paragraph 24 of the Complaint, Financial admits that Plaintiff purports to summarize or paraphrase the referenced statute but denies that it violated any law.

27.     In response to paragraph 27 of the Complaint, Financial states that its letter speaks for itself.

28.     In response to paragraph 28 of the Complaint, Financial admits that settlement offers are not improper and denies any allegations to the contrary.

29.     Financial denies the allegations set forth in paragraph 29 of the Complaint.

30.     Financial denies the allegations set forth in paragraph 30 of the Complaint.

KLINEDINST PC
2 PARK PLAZA, SUITE 1250
IRVINE, CALIFORNIA 92614

31. Financial denies the allegations set forth in paragraph 31 of the Complaint. Such language only applies when a letter provides a deadline and implies that it is a one-time offer. Financial's letter made no such representation.

32. Financial admits the allegations set forth in paragraph 32 of the Complaint.

33. Financial denies the allegations set forth in paragraph 33 of the Complaint.

34. Financial denies the allegations set forth in paragraph 34 of the Complaint.

35. Financial denies the allegations set forth in paragraph 35 of the Complaint.

36. Financial denies the allegations set forth in paragraph 36 of the Complaint.

37. In response to paragraph 37 of the Complaint, Financial admits that Plaintiff seeks to represent a class but denies that such a class is proper. Particularly, Plaintiff claims to be a resident of New York and therefore cannot be a California class representative.

38. In response to paragraph 38 of the Complaint, Financial admits that Plaintiff seeks to represent such a class but denies that such a class is proper.

39. In response to paragraph 39 of the Complaint, Financial admits that Plaintiff seeks such damages and finding, but denies that Plaintiff is entitled to any such relief.

40. Financial denies the allegations set forth in paragraph 40 of the complaint.

41. Financial denies the allegations set forth in paragraph 41 of the complaint.

42. Financial denies the allegations set forth in paragraph 42 of the complaint.

43. Financial denies the allegations set forth in paragraph 43 of the complaint.

44. In response to paragraph 44 of the Complaint, Financial admits that Plaintiff seeks a jury trial, but denies that Plaintiff is entitled to the same as there has been no violation of law.

AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Financial states and alleges as follows:

FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

SECOND DEFENSE

Any violation of law, which Financial denies, was the result of a bona fide error, notwithstanding the maintenance of procedures in place to avoid such errors.

THIRD DEFENSE

All of Financial's actions complied with all applicable laws.

FOURTH DEFENSE

Plaintiff lacks constitutional standing as Plaintiff has suffered no harm.

FIFTH DEFENSE

Any violation of law was not material and therefore not actionable.

SIXTH DEFENSE

Plaintiff is bound by an agreement that requires that he arbitrate the claims against Financial and waiving the right to any class action.

SEVENTH DEFENSE

Financial raises the affirmative defense of improper jurisdiction and venue. The letter at issue was sent to Plaintiff in New York. Plaintiff claims to be a resident of New York. Nonetheless, Plaintiff has filed the instant action in an improper form (Forum Non Conveniens).

WHEREFORE, Financial prays for an order and judgment of the Court in its favor against Plaintiff as follows:

1.  Dismissing all causes of action against Financial with prejudice and on the merits;

2.  Awarding Financial such other and further relief as the Court deems just and equitable.

KLINEDINST PC

DATED:  October 7, 2020        By:  */s/ Christopher D. Holt*
                                    Christopher D. Holt
                                    Attorneys for Defendant,
                                    FINANCIAL RECOVERY SERVICES, INC.

ANS FINANCIAL RECOVERY SERVICES_ INC. (WERZBERGER)(18827046.1)

# CERTIFICATE OF SERVICE

**Joel Werzberger, et al. v. Financial Recovery Services, Inc.**
**Case No. 3:20-cv-06320-JCS**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 2 Park Plaza, Suite 1250, Irvine, California 92614.

On October 7, 2020, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT BY FINANCIAL RECOVERY SERVICES, INC.** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 7, 2020, at Irvine, California.

*/s/ Carrie L. Gagne*
Carrie L. Gagne

**SERVICE LIST**
**Joel Werzberger, et al. v. Financial Recovery Services, Inc.**
**Case No. 3:20-cv-06320-JCS**

| | |
|---|---|
| Craig B. Sanders, Esq.<br>BARSHAY SANDERS, PLLC<br>100 Garden City Plaza, Suite 500<br>Garden City, New York 11530 | T: (516) 203-7600<br>F: (516) 706-5055<br>csanders@barshaysanders.com<br><br>Counsel for Plaintiff,<br>Joel Werzberger, individually and on behalf of all others simillary situated |